UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AARON COOK,<br><br>  Plaintiff(s),<br><br>v.<br><br>TREPCO WEST,<br><br>  Defendant(s). | Case No. 2:24-cv-01250-CDS-NJK<br><br>**ORDER** |

Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 1.

**I.    *In Forma Pauperis* Application**

Plaintiff filed an amended affidavit required by § 1915(a). Docket No. 1. Particularly given the family size at issue, Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The Clerk's Office is further **INSTRUCTED** to file the complaint on the docket. The Court will now review Plaintiff's complaint.

**II.   Screening the Complaint**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Plaintiff's complaint asserts claims arising out of his employment. The complaint includes a claim for race discrimination. *See* Docket No. 1-1 at 4.[1] To establish a *prima facie* case of racial discrimination, a plaintiff must show that: (1) he belongs to a class of persons protected by Title VII; (2) he performed his job satisfactorily; (3) he suffered an adverse employment action; and (4) the employer treated the plaintiff differently than a similarly situated employee who does not belong to the same protected class as the plaintiff. *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006). When a complaint does not plead a *prima facie* case for discrimination, courts may still look to those elements "to decide, in light of judicial experience

---

[1] A complaint is subject to dismissal at the screening stage if it fails to state "*a claim* on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii) (emphasis added). Hence, it suffices to survive screening that Plaintiff has stated one claim. *See, e.g.*, *Bem v. Clark Cty. Sch. Dist.*, 2015 WL 300373, at *3 n.1 (D. Nev. Jan. 21, 2015). While it appears that Plaintiff may be attempting to bring other employment-related claims, like retaliation, the Court expresses no opinion as to the sufficiency of the pleading as to such other claims.

and common sense, whether the challenged complaint contains sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Fitch v. San Francisco Unified Sch. Dist.*, 2015 WL 6551668, at *5 (N.D. Cal. Oct. 29, 2015) (quoting *Achal v. Gate Gourmet, Inc.*, 2015 WL 4274990, at *7 (N.D. Cal. July 14, 2015)).

In this case, Plaintiff alleges that he was employed by Defendant, that his employment was suspended and then terminated for pretextual reasons regarding falsified time records, and that the real reason for the employment action was racial discrimination. Docket No. 1-1 at 4-5. Although the allegations are thin, the Court finds that they suffice to state a claim for race discrimination for screening purposes.[2]

### III.  Conclusion

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* (Docket No. 1) is **GRANTED**. Plaintiff shall not be required to pay the filing fee of four hundred two dollars ($402). Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

2. The Clerk's Office is **INSTRUCTED** to file Plaintiff's complaint on the docket.

3. The Clerk of the Court shall issue summons to Defendant, and deliver the same to the U.S. Marshal for service. The Clerk of the Court shall also deliver a copy of the complaint to the U.S. Marshal for service.

4. Plaintiff shall have twenty days in which to furnish the U.S. Marshal with the required Form USM-285.[3] Within twenty days after receiving from the U.S. Marshal a copy of the Form USM-285, showing whether service has been accomplished, Plaintiff must

---

[2] The Court screens the complaint without the benefit of the adversarial process. *Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012). Nothing in this order should be construed as precluding the filing of a motion to dismiss.

[3] The USM-285 form is available at www.usmarshals.gov/process/usm285.pdf.

file a notice with the Court identifying whether Defendant was served.  If Plaintiff wishes to have service again attempted on an unserved defendant, a motion must be filed with the Court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant, or whether some other manner of service should be attempted.

5. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 90 days from the date this order is entered.

6. From this point forward, Plaintiff shall serve upon Defendant, or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion, or other document submitted for consideration by the court.  Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendants or counsel for Defendants.  The Court may disregard any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk that fails to include a certificate of service.

IT IS SO ORDERED.

Dated: July 11, 2024

_____
Nancy J. Koppe
United States Magistrate Judge